## Commonwealth v. Mendenhall et al.

*Charles W. Eaby*, for Commonwealth; *Bard & Brown*, for defendants.

SCHAEFFER, J., January 12, 1934.—The defendants were indicted and tried before a jury for larceny and for receiving stolen goods. The court directed a verdict of not guilty as to Harry E. Mendenhall, one of the defendants. The Commonwealth offered evidence, which was contradicted by the two remaining defendants, that an automobile was feloniously obtained and taken from the prosecutor, Joseph J. Shank, by the two defendants by trick or artifice. If, by means of any trick or artifice, the owner of property is induced to part with the possession only, still meaning to retain the right of property, the taking by such means will amount to larceny, provided it be done animo furandi: Commonwealth v. Eichelberger, 119 Pa. 254. Accord, Commonwealth v. Pioso (No. 3), 19 Lanc. 145; Commonwealth v. Lansinger, 31 Lanc. 55; Commonwealth v. Dehle, 42 Pa. Superior Ct. 300.

The evidence was submitted to the jury, who found the two defendants, Clair Bucher and Martin Romich, guilty. A motion for a new trial has been filed and seven reasons assigned therefor. They may be combined into one general rea-

son, that the court erred in submitting the case to the jury because, as defendants contend, the evidence showed that the defendants took possession of the automobile under a claim of right. It is admitted that the Ford automobile in question had been leased to the prosecutor, Joseph J. Shank, of Lancaster City, by Commercial Banking Corporation, of Philadelphia, under a written lease dated April 23, 1932, at a total rental of $373, of which $100 was paid in cash on the date of the lease and the balance of $273 was to be paid in 12 monthly instalments of $22.75 each. The lease provides, inter alia, that the lessee read the same, understands the provisions thereof, and agrees that there is no guarantee, representation, agreement, verbal or written, or other condition whatsoever, as an inducement for or contemporaneous to the execution thereof, and that the entire agreement relating to said motor vehicle is therein contained. The lease also provides that the title to the automobile shall remain in the lessor until all rental and charges referred to are fully paid by lessee. Shank, the prosecutor, testified that contemporaneously a supplemental written memorandum or agreement was entered into by the same parties, whereby the lessor corporation agreed to pay for the repairs to the steering wheel and bearings of said car. This repair bill amounted to $18.63, which Shank deducted from the last instalment of $22.75 and remitted the difference. The defendants claim a balance due from Shank of $18.63 under the lease.

The two defendants referred to were employes of Commercial Banking Corporation, of Philadelphia, the lessor. The testimony on behalf of the defendants showed that the automobile was taken or obtained under a claim of right in accordance with the terms and provisions of said written lease, alleging that there was a balance due by Shank under the lease. The position of the defendants is that, inasmuch as the records of the defendants' employer, or lessor corporation, show a balance due from Shank, the remedy of the prosecutor was a replevin proceeding. The defendants further contend that there was no criminal intent or crime involved in their method of repossessing the automobile.

Upon a careful examination of the evidence and the charge of the court, the court concludes that no error was committed in refusing to direct a verdict in favor of the defendants and that under the evidence and the law the verdict of the jury should not be disturbed. The court in its charge to the jury said, inter alia: "Where property is taken under a claim of right, not feloniously and not with criminal intent to commit a crime, circumstances like that will not support a charge of larceny." The court further said in its charge: "The question arises, and it seems to be the salient question in this case for you to pass upon, whether or not Shank owed any rental or charges covered by that written lease at the time when the car is alleged to have been feloniously taken from him by the defendants in this case."

The defendants submitted certain points which were affirmed by the court. They related to the taking of the automobile, setting forth that it was done "under an honest claim of right" and not with animus furandi, in the belief that the property and ownership to same was in their employer, and that they honestly believed there was still a balance due from the prosecutor. The court also said in affirming one of these points: "That if the jury find from the evidence that there was any payment due by Shank to the corporation under the lease, which was past due at the time of the taking of the automobile by the defendants, or if the terms and provisions of the written lease were violated by Shank, and you so find, then of course the defendants, or either of them, would not be guilty."

Accordingly, the rule for a new trial is discharged.

From George Ross Eshleman, Lancaster, Pa.